IN TH UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 MAR -9 PM 1:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 09 1999

| | | |
|---|---|---|
| JANICE DUMAS, | ) | |
| Plaintiff | ) | Civil Action Number |
| vs. | ) | |
| TYSON FOODS, INC., a corporation | ) | 93-C-2688-S |
| Defendant | ) | |

| | | |
|---|---|---|
| GHEILA ALLEN, | ) | |
| Plaintiff | ) | Civil Action Number |
| vs. | ) | |
| TYSON FOODS, INC., a corporation, *et al.*, | ) | 95-AR-1909-S |
| Defendant | ) | |

| | | |
|---|---|---|
| BRENDA D. GILBERT, | ) | |
| Plaintiff | ) | Civil Action Number |
| vs. | ) | |
| TYSON FOODS, INC., a corporation | ) | 98-RRA-2306-S |
| Defendant | ) | |

## MEMORANDUM OF OPINION ON CONSOLIDATION MOTIONS

The oldest of these three cases was filed against the defendant Tyson Foods, Inc.

("Tyson") in 1993. Following a jury trial and verdict in favor of the plaintiff Janet Dumas, this court entered a Permanent Injunction against Tyson on November 6, 1995, restraining it from maintaining a sexually hostile work environment. Two days after entry of the Permanent Injunction, this court issued a permanent "Anti-Retaliation Injunction," by which it restrained Tyson from retaliating against current or former employees, *inter alia,* because of their opposition to perceived unlawful employment practices based on sex . Both injunctions remain in full force and effect. The only unresolved issue in the *Dumas* case is that of attorneys' fees.

In the second case, filed on July 24, 1995, plaintiff Gheila Allen alleges that she was subjected to a sexually hostile working environment and that Tyson retaliated against her because of her opposition to its alleged unlawful employment practices. The crux of Allen's complaint is that her supervisor, defendant Trivis Woods, sexually harassed her and that Tyson thereafter failed to take prompt corrective action. The case was randomly assigned to another judge of this court who, after completion of discovery, granted Tyson's summary judgment motion and dismissed the case. The Eleventh Circuit reversed the dismissal in *Allen v. Tyson Foods, Inc.*, 121 F.3d 643 (11th Cir. 1997). On remand, and following the Supreme Court's significant decisions in *Foragher v. City of Boca Raton.* ___ U.S. ___, 118 S.Ct. 2275 (1998) and *Burlington Industries v. Ellerth,* ___ U.S. ___ , 118 S.Ct. 2257 (1998), Tyson renewed its summary judgment motion. That motion is now under submission. Plaintiff Allen seeks to consolidate her case with *Dumas.*

The third case, *Gilbert v. Tyson Foods, Inc.*, was filed on September 11, 1998. The plaintiff Brenda Gilbert alleges that she was subjected to a sexually hostile work environment and that her supervisor and victimizer retaliated against her for having complained of his sexual harassment. According to the complaint, plaintiff Gilbert was hired in 1996. When Gilbert moved to consolidate her case with the *Dumas* case, the court granted the motion. Tyson has requested

the court to reconsider and to deny the consolidation motion.

Janice Dumas has filed a Motion For An Order to Show Cause, alleging that Tyson has willfully violated both injunctions entered in her case.

## II

F.R.Civ. P. 42 (a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated...." The objective of the consolidation rule is to give the court broad discretion in deciding how cases on its docket are to be tried so that the business of the court may be dispatched justly, expeditiously, and economically. Wright & Miller, Federal Practice and Procedure: § 2382 (2d Ed. 1987). The court should weigh the saving of the parties' and judicial time and effort to be produced by consolidation against any inconvenience, delay, expense, confusion or prejudice to be caused by consolidation.

In determining whether cases should be consolidated, the court should consider such things as the stage of the proceedings in the separate cases, the existence of the same parties in the separate actions, and the extent to which the same relief is sought in the cases. *Id.*

## III

Clearly, the *Gilbert* case should be consolidated with *Dumas*. The same defendant is involved. If Gilbert proves her claims under 42 U.S.C. § 2000 e *et seq.* ("Title VII"), then the defendant has violated the one or both of the permanent injunctions in *Dumas*. Separate hearings on the merits of the *Gilbert* Title VII claims and the Show Cause motion in *Dumas* would be a waste of everyone's time and a squander of the parties' and judicial resources, for the issues and the evidence in large part will be identical..

On the other hand, consolidation of the *Allen* case with *Dumas* is ill-advised. The issues raised by Gheila Allen ( alleged harassment by Trivis Woods, Tyson's awareness of/response to the alleged harassment) are not common to those raised by the *Dumas* show cause motion. While it is true that at one time, there were common factual and legal issues, those common issues dissolved on the entry of a Final Judgment in Janice Dumas' claims. The undisturbed jury verdict transformed the Dumas claims into established rights, enforceable by the contempt powers of the court. Since the common claims no longer exist, a separate trial is now mandated for resolution of Gheila Allen's claims. No savings of time or resources would be achieved by the consolidation of the two cases.

By separate order, the motion to reconsider the order consolidating the *Dumas* and *Gilbert* cases will be denied. The motion to consolidate the *Dumas* and *Allen* cases will also be denied.

Done this 9th day of March, 1999.

_____
United States District Judge
U.W. Clemon